UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON A. LUEDTKE,

            Plaintiff,

      v.

MICHAEL ASTRUE, Commissioner of Social Security,

            Defendant.

CASE NO. C10-5231JRC

ORDER AFFIRMING ADMINISTRATIVE DECISION

This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).  Plaintiff brings this action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final administrative decision.

Plaintiff alleges that the ALJ failed to explain why she gave significant weight to the opinions of Dr. Cole, Dr. Press, Dr. Regets, and Dr. Eather, and that the error should lead the court to reverse the administrative decision and find plaintiff entitled to social security disability benefits.  After reviewing the matter, the court finds no merit in plaintiff's position and affirms the administrative decision.

ORDER - 1

## FACTUAL SUMMARY

Plaintiff, Jason Luedtke, is a thirty-eight year old single man, who has completed his GED. Tr. 30-32. He has never married, but has one child. Tr. 270. Plaintiff has an extensive criminal history, including theft and selling illegal substances for which he has spent significant time in prison. Tr. 274. He has several years of experience working in grocery and convenience stores. Tr. 170. In 1997, he slipped and fell on the job, injuring his lower back. Tr. 236. This incident allegedly began his chronic, persistent lower back and leg pain. Id.

On August 23, 2006, plaintiff filed an application for social security disability benefits. Tr. 149-53. Plaintiff alleges he has been unable to work – disabled—since July 8, 2004. Tr. 149. At the administrative hearing, plaintiff explained to the ALJ that he injured his back while climbing a ladder in August 2004, and that he did not go back to work for fear of jeopardizing his L&I claim and due to pain. Tr. 34-36.

On September 21, 2009, the ALJ issued a written decision denying plaintiff's application for benefits. Tr. 10-23. Specifically, the ALJ found that despite certain limitations plaintiff retained the ability to work as a small parts assembler and mail room clerk. Tr. 22-23. The ALJ's decision is the final administrative decision, subject to judicial review.

On April 2, 2010, plaintiff filed his Complaint (Doc. 1) with the court. Plaintiff argues that the ALJ's decision is not properly supported by substantial evidence and legally erroneous and that the court should reverse and/or remand the ALJ's decision to the administration for an award of benefits or further consideration. As noted above, the court is not persuaded by plaintiff's arguments.

//

DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

As noted above, plaintiff alleges the ALJ failed to properly consider the medical evidence. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Security Administration, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can

only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss all evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Here, the ALJ reviewed the medical evidence and found plaintiff suffered from certain impairments, including lumbar degenerative disc disease status post discectomy and laminectomy, depression, anxiety disorder, ventricular tachycardia, and cannabis dependence. Tr. 12. However, the ALJ found that despite these severe impairments, plaintiff retained the ability to work. The ALJ explained:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb ladders, ropes and scaffolds. The claimant can occasionally kneel, crouch, and crawl. He can stoop,

>bend, twist and turn on a less than occasional basis.  The claimant should avoid concentrated exposure to extreme cold.  He should avoid exposure to hazards such as electronic devices that could affect the function of his cardiac defibrillator.  The claimant can perform simple, routine work.  He should not work with the public.  The claimant can tolerate occasional contact with a few coworkers.

Tr. 16.

Plaintiff argues the ALJ's findings are not properly supported, due to the ALJ's failure to consider the medical opinion evidence.  The undersigned disagrees.  The medical evidence relied upon by the ALJ properly supports her findings.

For instance, with regard to plaintiff's mental health, the ALJ properly relied upon the opinion of several medical opinions.  Plaintiff alleges he has suffered from mental health problems since 2004.  Plaintiff's Opening Brief (Doc. 12) at 6.  In contrast, Dr. Kole examined plaintiff in December 2005, stating, "The patient essentially has no psychiatric history.  He has never seen a psychiatrist, and there is nothing in the record about a prior psychiatric illness."  Tr. 273.  Dr. Kole found that plaintiff did not need any psychiatric treatment, and believed that plaintiff needed vocational assistance, and possible retraining, because his prior felony conviction negatively affected his ability to obtain work.  Tr. 276.

The ALJ found plaintiff's impairment(s) were not as severe as alleged, and she assigned only one non-exertional limitation to plaintiff's residual functional capacity – only occasional contact with a few coworkers.  The ALJ properly relied upon Dr. Kole's opinion, in addition to the opinions of Dr. Press, Dr. Regets, and Dr. Eather, when she formulated her decision.  Tr. 21.  The ALJ properly cited to those opinions to support her conclusion.  For example, the ALJ relied upon Dr. Press's opinion that plaintiff is able to perform simple and repetitive tasks, in addition to detailed and complex tasks.  Tr. 21.  The ALJ even stated that she was assigning greater limitations than expressed by Dr. Press because plaintiff had not accurately disclosed his

depressive symptoms and dependence on marijuana. Id. The court also notes the ALJ accurately discussed the medical opinions associated with plaintiff's mental health impairments at step-two in her evaluation process. Tr. 14-15.

With regard to plaintiff's physical impairments the ALJ also accurately related her findings to the medical opinion evidence. As noted above the ALJ found plaintiff was capable of performing the physical demands of light work. Substantial evidence in the record, cited to and discussed by the ALJ, supports the ALJ's analysis of plaintiff's physical abilities.

The ALJ summarized and discussed the medical evidence regarding plaintiff's physical impairments in significant depth. First the ALJ chronologically discussed plaintiff's physical injuries and how these injuries affected his ability to work. Tr. 12-14. Next, the ALJ discussed the specific degree of limitation due to his physical impairments, in light of the entire record, including plaintiff's credibility. Tr. 16-21. The ALJ explained that amount of weight she was giving each relevant medical opinion. Tr. 19-21.

In sum, the ALJ properly weighed the conflicting medical evidence and provided a reasoned decision. The court notes it is required to examine the record as a whole, and it may not reweigh the evidence nor substitute its judgment for that of the ALJ or the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. Id.

//

//

//

1  The court finds no legal error in the ALJ's decision. The court also finds the ALJ's
2  decision is properly supported by substantial evidence. Accordingly, the Court AFFIRMS the
3  Social Security Administration's final decision.

DATED this 30th day of September, 2010.

J. Richard Creatura
United States Magistrate Judge


J. Richard Creatura
United States Magistrate Judge

ORDER - 7